IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENNIS KEITH MOORE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-1005-M-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Dennis Keith Moore, a Texas prisoner, has filed an application for writ of habeas

corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be

denied.

I.

Petitioner was convicted of capital murder and sentenced to life imprisonment.[1] His

conviction and sentence were affirmed on direct appeal. *Moore v. State*, No. 05-06-00618-CR, 2007

WL 1064322 (Tex. App.-- Dallas, Apr. 11, 2007, pet. ref'd). Petitioner also filed an application for

state post-conviction relief. The application was denied without written order on the findings of the

trial court. *Ex parte Moore*, WR-72,932-01 (Tex. Crim. App. Mar. 24, 2010). Petitioner then filed

this action in federal district court.

---

[1] The state did not seek the death penalty.

II.

In three grounds for relief, petitioner contends that: (1) the evidence was insufficient to support his conviction; (2) he received ineffective assistance of counsel at trial; and (3) he received ineffective assistance of counsel on appeal.

A.

Petitioner first contends that the evidence was insufficient to support his conviction for the capital murder of David Decker and William Banks, two bystanders who were hit by a truck driven by petitioner's girlfriend while in pursuit of another man, James Garret. In particular, petitioner contends that there was no credible evidence that he instructed his girlfriend to run over Garret, that he tossed the keys to the truck to his girlfriend, or that he grabbed the steering wheel and "stomped the gas."

1.

A federal court may not disturb a state criminal conviction unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991), *cert. denied*, 113 S.Ct. 102 (1992). The evidence must be viewed in the light most favorable to the verdict. *Jackson*, 99 S.Ct. at 2789; *Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *See Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir.), *cert. denied*, 111 S.Ct. 265 (1990).

Federal courts are bound by state statutes and case law in determining the elements of an offense. *See Foy v. Donnelly*, 959 F.2d 1307, 1314 (5th Cir. 1992). Under Texas law, a person commits the offense of capital murder if, *inter alia*, the person intentionally or knowingly causes the

death of more than one person during the same criminal transaction. *See* TEX. PENAL CODE ANN.

§§ 19.02(b)(1) (Vernon 1993) & 19.03(a)(7)(A) (Vernon 2003). The requisite intent for capital

murder is satisfied even if the defendant harms a different person than originally intended. *See id.*,

§ 6.04(b)(2). A defendant is responsible for the conduct of another individual if he intentionally

"solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense[.]" *Id.*,

§ 7.02(a)(2).

2.

At trial, several witnesses testified that James Garret approached petitioner's truck in an area

of downtown Dallas where homeless people awaited food donations and set up camp for the night.

Garret was upset with petitioner over a previous drug deal. (*See* SF-V at 50, 76-77, 132-34). He

yelled at petitioner, who was driving the truck, and punched him. (*See id.* at 132-35; SF-IV at 41).

Petitioner initially drove away, but returned to the scene a short time later in the truck. (*See* SF-V

at 135). After spotting Garret, petitioner got out of the truck and chased him on foot. (*See id.* at

136). As they approached the Day Resource Center, petitioner jumped into the passenger side of the

truck while his girlfriend, Lydia Kelly, drove the vehicle. (*See* SF-IV at 47-48; SF-V at 27-28, 42).

According to one witness, Clarence Hampton, petitioner tossed Kelly the keys to the truck and

instructed her to "go kill 'em." (*See* SF-V at 79, 82). When Garret attempted to avoid the truck,

Kelly swerved onto a sidewalk, crashed into the Day Resource Center building, and ran over both

Decker and Banks. (*See* SF-IV at 50-51; SF-V at 27-31, 42-43, 45-46, 80-81, 140). Both bystanders

were killed. (*See* SF-V at 197-209). Another witness, Charles Miller, who was incarcerated with

petitioner at the Dallas County Jail, testified that petitioner told him about the offense and admitted

"that he was actually the one that was responsible" for hitting the two bystanders. (SF-VI at 38).

Petitioner told Miller that after he yelled at his girlfriend to run over the man they were chasing, he "grabbed the wheel and stomped the gas." (*Id.*).

The state appeals court determined that this evidence was legally sufficient to support petitioner's conviction for capital murder. *Moore*, 2007 WL 1064322 at *2. This court must defer to that decision unless petitioner demonstrates it was based on an unreasonable determination of the facts in light of the evidence presented at trial. *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 2001 (2001). Petitioner has failed to meet that heavy burden. Instead, he argues that prior statements made by Hampton were inconsistent with his trial testimony, that Miller's testimony was uncorroborated, and that both witnesses lied. None of these arguments serve as a basis for federal habeas relief. It is the unique role of the jury, not a federal habeas court, "to judge the credibility and evaluate the demeanor of witnesses and to decide how much weight should be given to their testimony." *United States v. Layne*, 43 F.3d 127, 130 (5th Cir.), *cert. denied*, 115 S.Ct. 1722 (1995). Having reviewed the record, it appears that state court's disposition of petitioner's legal sufficiency claim is consistent with *Jackson*.

3.

To the extent petitioner challenges the factually sufficiency of the evidence, such a claim is not cognizable on federal habeas review. Under the law in effect when petitioner's appeal was decided, Texas appellate courts had the authority to review fact questions in criminal cases. *See Clewis v. State*, 922 S.W.2d 126, 129-30 (Tex. Crim. App. 1996).[2] This "factual sufficiency" review of the evidence is broader than a "legal sufficiency" challenge under *Jackson*. *See id.* at 129. Instead

---

[2] In *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), a plurality of the Texas Court of Criminal Appeals overruled *Clewis* and held that "the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Id.* at 895.

of viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt[,]" a factual sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Pruitt v. Cockrell*, No. 3-00-CV-1713-H, 2001 WL 1115339 at *13 (N.D. Tex. Sept. 14, 2001), *COA denied*, No. 01-11332 (5th Cir. Jan. 18, 2002), *quoting Clewis*, 922 S.W.2d at 129. The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority. *Id.* at *14, *citing Clewis*, 922 S.W.2d at 129-30, *and Bigby v. State*, 892 S.W.2d 864, 874-75 (Tex. Crim. App. 1994), *cert. denied*, 115 S.Ct. 2617 (1995). There is no corresponding right of review under the United States Constitution. *Id.*; *see also Daisy v. Dretke*, No. 3-04-CV-2015-D, 2004 WL 3167743 at *2 (N.D. Tex. Dec. 21, 2004) (citing cases), *COA denied*, No. 05-10052 (5th Cir. Nov. 9, 2005).

## B.

Petitioner also contends that he received ineffective assistance of counsel at trial. As best the court understands this claim, petitioner appears to fault his attorney for not calling William Brookhart and Lydia Kelly as defense witnesses, for not investigating Kelly's medical history, and for failing to adequately cross-examine Clarence Hampton and Charles Miller.

## 1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067.

Where, as here, a state court has already rejected a claim of ineffective assistance of counsel, a federal court may grant habeas relief only if the state court adjudication:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by the state court are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Threadgill v. Quarterman*, No. 3-05-CV-2217-D, 2009 WL 2448499 at *5 (N.D. Tex. Aug. 10, 2009) (citing cases), *aff'd*, 2011 WL 1812764

(5th Cir. May 12, 2011). This presumption applies not only to explicit findings of fact, but "it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Threadgill*, 2009 WL 2448499 at *5, *quoting Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002); *see also Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011) ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

On federal habeas review, the district court reviews "only the ultimate decision of the state court, and not the specific contents of its reasoning or opinion." *Blanton v. Quarterman*, 543 F.3d 230, 236 (5th Cir. 2008), *cert. denied*, 129 S.Ct. 2383 (2009). When the Texas Court of Criminal Appeals denies post-conviction relief without written order on findings of the trial court, the federal habeas court "(1) assumes that the state court applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was 'contrary to' or 'an objectively unreasonable application of' that law." *Threadgill*, 2009 WL 2448499 at *5, *quoting Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004).

### 2.

The court initially observes that petitioner's claim with respect to William Brookhart is unexhausted and procedurally barred from federal habeas review. A prisoner must fully exhaust state remedies before seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a

petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110-11 (5th Cir. 1986). While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275-76, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d 440 (2005), Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005). Under this statute:

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* This procedural bar also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07, § 4. *See Clay v. Cockrell*, 48 Fed.Appx. 104 (Table), 2002 WL 31017137 at *2 (5th Cir. Aug. 20, 2002), *cert. denied*, 123 S.Ct. 1492 (2003) (an unexhausted claim, which would be barred by Texas abuse-of-writ doctrine if raised in a successive habeas application, is procedurally barred from federal habeas review); *Jaramillo v. Quarterman*,

No. SA-08-CV-1003-XR, 2009 WL 3765501 at *3 (W.D. Tex. Nov. 10, 2009) ("If this procedural bar applies, it warrants the refusal to grant a stay under *Rhines.*").

Although petitioner argued on state collateral review that he received ineffective assistance of counsel, *see Ex parte Moore*, WR-72,932-01, Tr. at 19-31, nowhere in his state writ did petitioner contend that his attorney was ineffective for failing to call Brookhart as a defense witness. The court finds that a Texas court presented with this unexhausted claim in a successive habeas petition would likely find it barred. Consequently, federal habeas relief is not proper. *See Clay*, 2002 WL 31017137 at *2; *Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

3.

Most of petitioner's claims are premised upon his belief that counsel should have taken further steps to establish that Lydia Kelly was mentally ill or under the influence of prescription medication when she ran over the two bystanders, thereby absolving petitioner of any liability in connection with their deaths. Petitioner contends that his lawyer should have investigated Kelly's medical and prescription history prior to trial, sought a severance, and called her as a witness to establish that she had fallen asleep at the wheel.

Robert Burns, the attorney who represented petitioner at trial, countered these allegations in testimony provided to the state habeas court. Burns testified at an evidentiary hearing that he reviewed Kelly's medical history and repeatedly asked to interview her prior to trial. However, because Kelly was also under indictment for capital murder, neither her defense attorney nor the prosecutor would permit such an interview. *See Ex parte Moore*, WR-72,932-01, Writ Hrg. Tr-II at 56-60. Even if Burns was able to obtain information that Kelly was on prescription medication

-9-

at the time of the incident, he did not believe that evidence of sleepiness was believable or consistent with the testimony given at trial about a loud confrontation with Garret. *Id.* at 63-65, 75-76. The state habeas court found that Burns was a credible witness and determined that he was not ineffective for failing to interview Kelly or present the proffered defense. *Ex parte Moore*, WR-72,932-01, Tr. at 183-84, ¶¶ 25-31. Petitioner has failed to offer any evidence, much less clear and convincing evidence, to rebut this finding.

With respect to the failure to call Kelly as a defense witness, "complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). To prove that counsel was ineffective for failing to call a witness, "the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.* Here, there is no evidence that Kelly was available to testify at trial, would have done so, or that her testimony would have been favorable to the defense. To the contrary, the record shows that Kelly was unavailable to testify because of her pending indictment for capital murder. Had she been called as a witness, Kelly likely would have either testified for the prosecution or invoked her Fifth Amendment privilege against self-incrimination. *See Ex parte Moore*, WR-72,932-01, Writ Hrg. Tr-II at 56-57, 71. Petitioner has failed to prove ineffective assistance of counsel in this regard.[3]

---

[3] Counsel was not ineffective for failing to ask for severance because there was no indication that the cases were going to be tried together as Kelly was a prospective witness for the state. *See Ex parte Moore*, WR 72-932-01, Writ Hrg. Tr-II at 71, 76-77.

4.

Nor has petitioner shown that Burns was ineffective for failing to adequately cross-examine Clarence Hampton and Charles Miller. Petitioner faults his attorney for not challenging alleged discrepancies between Hampton's prior statements and his trial testimony, and for not pointing to the lack of corroboration of Miller's trial testimony. Contrary to these allegations, the record shows that Burns vigorously and aggressively cross-examined both witnesses, repeatedly bringing up their prior convictions, drug use, biases, and inconsistencies in their testimony. (*See* SF-V at 88-104, 107-110; SF-VI at 43-48). The state habeas court found that counsel "ably and adequately" challenged the testimony of Hampton and Miller. *Ex parte Moore*, WR-72,932-01, Tr. at 179-81, ¶¶ 11-15. As the state court observed:

> [T]rial counsel did challenge the testimony of Clarence Hampton. Trial counsel established that Mr. Hampton had been smoking marijuana that night and that his memory of the events was "hazy." Trial counsel also pointed out the discrepancies between Mr. Hampton's trial testimony and his written statement. Specifically, trial counsel pointed out that in his written statement Mr. Hampton said that he was "next to the truck." However, at trial Mr. Hampton claimed that he was across the street from the truck. In closing arguments, trial counsel argued that Mr. Hampton was not a credible witness. The Court finds that trial counsel ably and adequately challenged the testimony of Clarence Hampton. The Court finds that trial counsel's cross-examination of Clarence Hampton did not fall below prevailing professional norms.
>
> The Court finds that trial counsel did challenge the testimony of Charles Miller. Trial counsel pointed out that Mr. Miller was seeking a deal in his own case in exchange for his testimony. Additionally, trial counsel pointed out that Mr. Miller could have learned details of Applicant's case through the extensive media coverage. The Court finds that trial counsel's cross-examination of Charles Miller did not fall below prevailing professional norms.

*Id.*, Tr. at 180-81, ¶¶ 13, 15.  Although petitioner speculates that his attorney could have better impeached the credibility of these witnesses through additional cross-examination, such speculation does not merit habeas relief. *See Mendoza v. Dretke*, No. 3-05-CV-0042-M, 2005 WL 1124513 at *4 (N.D. Tex. May 11, 2005), *rec. adopted*, 2005 WL 1639330 (N.D. Tex. Jul. 13, 2005) (citing cases) (habeas petitioner must show how alleged errors and omissions were constitutionally deficient).

C.

Finally, petitioner contends that his attorney did not properly argue or brief the sufficiency of the evidence on direct appeal. "The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.), *cert. denied*, 110 S.Ct. 419 (1989); *see also Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983). Instead, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success. *See Schaetzle*, 343 F.3d at 445; *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999). In order to prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000), *citing Strickland*, 104 S.Ct. at 2064. This reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id., quoting Williamson*, 183 F.3d at 462.

Counsel raised four points of error on direct appeal. Two points of error attacked the sufficiency of the evidence. Although counsel did not make the same arguments on direct appeal as petitioner made on state and federal habeas review, there is no reason to believe that petitioner's

capital murder conviction would have been reversed had counsel made those arguments. *See Coker v. Thaler*, 670 F.Supp.2d 541, 554 (N.D. Tex. 2009), *appeal dism'd*, No. 09-11180 (5th Cir. Jan. 28, 2010) (appellate counsel was not ineffective for failing to appeal conviction on grounds that were considered and rejected on collateral review). This ground for relief should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   June 20, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

-13-